EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ubaldo Lugo Cruz | 2013 TSPR 38<br><br>188 DPR ____ |

Número del Caso: AB-2010-164

Fecha: 28 de febrero de 2013

Materia: Conducta Profesional – La suspensión será efectiva el 3 de abril de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ubaldo Lugo Cruz                    AB-2010-0164

*PER CURIAM*

San Juan, Puerto Rico, a 28 de febrero de 2013.

Nuevamente nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal como parte de un procedimiento disciplinario instado en su contra. Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Ubaldo Lugo Cruz del ejercicio de la abogacía y la notaría.

I.

El Lcdo. Ubaldo Lugo Cruz fue admitido al ejercicio de la abogacía el 16 de diciembre de 1971 y juramentó como notario el 26 de abril de 1972.

El 7 de octubre de 2009, la Sra. Aida M. Meléndez Nieves presentó una queja en su contra ante la Comisión de Ética del Colegio de Abogados. En la misma, solicitó que se investigara el comportamiento del licenciado por alegadamente constituir conducta antiética y denigratoria de la profesión legal. Además, solicitó que se le obligara a cumplir con una Sentencia emitida por el Tribunal de Primera Instancia y confirmada por el Tribunal de Apelaciones. La Sentencia en cuestión es producto del pleito Banco Popular de Puerto Rico v. Pedro Juan Montano Rosario, et al., Civil Núm. KICD02-3966, sobre cobro de dinero, ejecución de prenda y ejecución de hipoteca.

Mediante dicha Sentencia se condenó al licenciado Lugo Cruz y a su fiadora, el Colegio de Abogados de Puerto Rico, a realizar, por su cuenta y cargo, todas las gestiones de naturaleza legal y notarial conducentes a la inscripción de una propiedad en el Registro de la Propiedad libre de cargas y gravámenes y a pagar ciertas cantidades por concepto de sufrimientos y angustias mentales y honorarios de abogados a favor de las partes demandadas en dicho caso. La quejosa era una de ellas.

La Comisión de Ética refirió la queja a la Secretaría de este Tribunal. Así las cosas, el 12 de agosto de 2010 la Subsecretaria notificó al letrado la queja mediante carta certificada. Le indicó que debía presentar su contestación dentro del término de diez (10) días, a partir del recibo de la comunicación. Sin embargo, esta fue devuelta por el

servicio postal por no haber sido reclamada. El 20 de septiembre de 2010 la Subsecretaria le envió una segunda notificación mediante carta certificada con acuse de recibo. Del expediente surge que esta comunicación fue recibida por el licenciado el 21 de septiembre de 2010.

Como el licenciado no presentó su contestación a la queja, el 31 de octubre de 2012 este Tribunal emitió una Resolución concediéndole un término final de cinco (5) días para que hiciera lo propio. En la Resolución se le apercibió que su incumplimiento con la misma podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esta Resolución se notificó personalmente al licenciado el 26 de noviembre de 2012 mediante un Alguacil de este Tribunal. No obstante, al día de hoy el licenciado Lugo Cruz no ha contestado.

II.

Reiteradamente hemos dicho que todo abogado tiene la obligación de responder oportunamente a los requerimientos de este Tribunal. *In re:* Buono Colón, res. 28 de noviembre de 2012, 2012 T.S.P.R. 177, 187 D.P.R. __ (2012). Máxime, cuando se trata de un proceso disciplinario sobre su conducta profesional. *In re:* Juan A. Marques Latorre, res. 15 de agosto de 2012, 2012 T.S.P.R. 145, 186 D.P.R. __ (2012).

Recordemos que el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9, exige de todos los abogados el mayor de los respetos hacia los tribunales. Por

lo tanto, todo letrado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. *In re: Martínez Class*, res. 21 de marzo de 2012, 2012 T.S.P.R. 92, 184 D.P.R. AP. (2012).

Sin embargo, continuamente nos vemos obligados a suspender a abogados que muestran indiferencia y menosprecio a nuestros requerimientos. *In re:* Buono Colón, *supra*. Esto, a pesar que enfáticamente hemos dicho que ante el incumplimiento con el deber de responder nuestros requerimientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re:* López de Victoria Picornell, res. 9 de febrero de 2012, 2012 T.S.P.R. 87, 184 D.P.R. AP. (2012).

III.

Precisamente, el licenciado Lugo Cruz ha ignorado nuestros requerimientos. A la fecha de hoy, no ha contestado nuestra Resolución del 31 de octubre de 2012 aun bajo apercibimiento de que la falta de cumplimiento conlleva sanciones tan severas como la suspensión del ejercicio de la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Ubaldo Lugo Cruz del ejercicio de la abogacía y la notaría. Se ordena la paralización de la Queja Núm. AB-2010-164 y la incautación de su obra y sello notarial. Estos últimos deberán ser entregados a la

Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, el licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de (30) treinta días a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ubaldo Lugo Cruz                    AB-2010-0164

SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Ubaldo Lugo Cruz del ejercicio de la abogacía y la notaría. Se ordena la paralización de la Queja Núm. AB-2010-164 y la incautación de su obra y sello notarial. Estos últimos deberán ser entregados a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, el licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de (30) treinta días a partir de la notificación de esta Opinión y Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo